**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Rodriguez;<br><br>    Plaintiff,<br><br>vs.<br><br>GoDaddy.com, LLC, a Delaware limited liability company;<br><br>    Defendant. | Case No.: 2:13-CV-01987-SPL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Rodney Rodriguez, by John L. Collins, Trey Dayes, and Dawn M. Sauer, of the PHILLIPS DAYES LAW GROUP PC, for his First Amended Complaint against Defendant avers as follows:

### NATURE OF THE CASE

1. The Family and Medical Leave Act is designed "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601.

2. Employers must allow their employees leave from work in the event that the employee or a family member has a "serious health condition," for the employee's birth or adoption of a child, or other "qualifying exigency" in the employee's life. *See* 29 U.S.C. § 2612(a)(1).

3. Employees returning from FMLA leave must "be restored by the employer to the position of employment held" at the time the leave began or "be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

4. Employers are prohibited from interfering with, restraining, or denying employees' requests for FMLA leave, from discriminating or retaliating against employees taking FMLA leave, and from retaliating against claimants or non-claimants for giving information or assistance related to a charge of the employer's non-compliance with the FMLA. 29 U.S.C. § 2615.

5. Plaintiff brings this action against Defendant for denying him the protections provided under, and for interfering with Plaintiff's exercise of the rights authorized by, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

6. Plaintiff seeks to recover damages in the amount of wages, salary, benefits, or other compensation denied by reason of Defendant's FMLA violations or actual

monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violation, an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 2617.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries for the District of Arizona.

## PARTIES

9. At all times material hereto, Plaintiff Rodney Rodriguez was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant GoDaddy.com, LLC, was and continues to be an entity organized under the law of the State of Delaware, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, Defendant made all managerial and operational decisions on behalf of the business.

12. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e), and an "eligible employee" as defined by 29 U.S.C. § 2611(2).

13. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 2611(4).

14. At all relevant times, Defendant acted through its agents and employees and is liable for the actions of those agents and employees under the doctrine of respondeat superior.

**FACTUAL BACKGROUND**

15. Plaintiff began working for Defendant in or about April 2007 and continued working for Defendant for approximately five years.

16. On information and belief, Defendant has a system in place that allows employees to receive merit pay increases only if they were absent from work on sick leave four or fewer times, even though employees were given six days per year of sick leave.

17. During the course of his employment, Plaintiff developed a number of health issues, including leaking fluids in his back, migraines, hypertension, and seizures. As a result of his health condition, Plaintiff often was forced to use his leave to go to doctor appointments and to recover from his symptoms.

18. Because Plaintiff missed work as a result of these illnesses and health issues, both due to their symptoms and due to required appointments and treatments, Plaintiff did not receive a merit pay increase during the term of his employment with Defendant.

19. However, Plaintiff performed his job duties well, often achieving better scores on the metrics by which Defendant measured his performance than the other members of his division.

20. Plaintiff requested that Defendant provide him with FMLA leave on an intermittent basis, and his request was approved.

21. On information and belief, Defendant has a graduated employee discipline policy that should follow distinct steps: First, a verbal warning is given to employees to correct their conduct. Following a verbal warning, an employee may receive a written warning for continued misconduct. Finally, an employee may receive a final written warning for misconduct that continues despite the prior warnings. Termination may result for misconduct following a final written warning.

22. Prior to July 5, 2012, Matt Green became Plaintiff's manager and supervisor.

23. On July 5, 2012, Plaintiff utilized his intermittent FMLA leave because he was hospitalized after having seizures.

24. Upon Plaintiff's return to work, on or about July 15, 2012, Green placed Plaintiff on "final written notice" that his termination would be terminated for any misconduct.

25. As a basis for placing Plaintiff on a final written notice, Green stated that Plaintiff had not received a merit pay increase during his tenure with Defendant.

26. Plaintiff had not received any of the discipline steps that should precede a final warning under Defendant's graduated employee discipline policy.

27. Plaintiff was a good employee. For instance, in June 2012, the period immediately preceding his placement on a final written notice, Plaintiff measured first out of approximately twenty employees in his division on five out of eight metrics.

28. On July 24, 2012, the last day of the review period following his placement on final written notice by Green, Plaintiff was on pace to reach and surpass each of the required metrics. However, Plaintiff's internet access was blocked, preventing him from

working for the last forty-five minutes of the measuring period. Had he been permitted to work the remaining forty-five minutes of the reporting period, he would have reached his goals.

29. Plaintiff's was the only computer in his division having internet problems on July 24, 2012.

30. On July 31, 2012, Defendant terminated Plaintiff's employment on the pretext that on July 24, 2012, Plaintiff failed to meet one out of eight metrics by eight one-hundredths (0.08) of one point.

31. Plaintiff has hired the law firm of the Phillips Dayes Law Group P.C. to prosecute his claims against Defendant and has incurred attorneys' fees and costs for which he is entitled to recover.

**COUNT ONE**
**FMLA INTERFERENCE—29 U.S.C. §§ 2615(a)(1)**

32. Plaintiff incorporates and adopts paragraphs 1 through 31 above as if fully set forth herein.

33. The FMLA permits an eligible employee to take up to twelve weeks of unpaid leave in any twelve month period for various purposes, including a serious health condition that makes the employee unable to perform one or more of the essential functions of his job.

34. Plaintiff was an "eligible employee" under the FMLA, and Defendant is a covered employer.

35. Plaintiff suffered from a "serious health condition" as defined by the FMLA.

36. Plaintiff took qualified FMLA leave because of his serious health condition.

37. Defendant implemented and used a policy that penalized Plaintiff for his use of FMLA leave. Specifically, Defendant's attendance policy made Plaintiff ineligible for a merit pay increase based on his FMLA absences.

38. Defendant further penalized Plaintiff by giving him a "final warning" based on his failure to obtain a merit pay increase during the term of his employment and, ultimately, by terminating his employment.

39. Plaintiff's exercise of his rights under the FMLA constituted a negative factor in Defendant's determinations, without limitation, to deny Plaintiff a merit pay increase, to place Plaintiff on a "final warning," and to terminate Plaintiff's employment.

40. As a result of Defendant's conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including his back pay damages, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the FMLA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

    a. Awarding Plaintiff compensation in the amount due for wages, salary, employment benefits, pension benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's FMLA violations in an amount proved at trial;

  b. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violations up to a sum equal to twelve weeks of Plaintiff's wages or salary;

  c. Awarding Plaintiff liquidated damages in an amount equal to the award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  d. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

  e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 2617(a)(3);

  f. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  g. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  h. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

41. Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set forth herein.

42. Plaintiff and Defendant have a dispute pending involving Defendant's interference with Plaintiff's exercise of his rights under the FMLA.

43. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

44. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Plaintiff is an "eligible employee" covered by the FMLA;

   b. Defendant is a covered employer under the FMLA;

   c. Plaintiff suffered from a "serious health condition" as defined by the FMLA.

   d. Defendant took negative employment action against Plaintiff because he availed himself of qualified FMLA leave, including, but not limited to, Defendant's failure to give Plaintiff a merit pay increase, Defendant's issuance to Plaintiff of a "final warning" based on his failure to obtain a merit pay increase, and Defendant's termination of Plaintiff's employment.

   e. Defendant's conduct constitutes a violation of the FMLA as it interferes with Plaintiff's FMLA rights.

   f. As a result of Defendant's conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including his back pay damages, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu

thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the FMLA.

45. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FMLA.

46. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

 a. Declaring that the acts and practices complained of herein are in violation of the FMLA;
 b. Awarding Plaintiff his reasonable attorneys' fees and the costs and expenses of the litigation; and
 c. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November 15, 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Attorney for Plaintiffs